PER CURIAM. The action was brought for damages for breach of a contract in writing to take and pay for certain wire filaments. The contract contained a provision that, if defendant "became enabled to purchase so-called wire-drawn filaments better suited to meet competition" than the ones which plaintiff was furnishing, the contract "shall expire 30 days after notice of such possibility of purchase shall be served." The answer alleged that defendant gave plaintiff the notice provided for in the contract, by reason whereof the contract had expired. The learned court at the trial excluded evidence as to the filament defendant was using, also certain letters of plaintiff's offered in evidence, and directed a verdict for the plaintiff, evidently on the theory that only a notice in writing would satisfy the provisions of the contract.

This was error. The contract did not specify the kind of notice required, whether oral or in writing, and where the parties have failed to particularize there is no reason why the court should do so for them, and import into the instrument a term the parties themselves have omitted. A provision requiring notice only is satisfied by either oral or written notice, and the use of the word "served" does not necessarily imply a writing. It is no strain or perversion of language to speak of serving an oral, as well as a written, notice. The exclusion of the above evidence and direction of a verdict was error.

In this view it is unnecessary to consider the other questions discussed in the briefs. Nor do we decide that the defendant was entitled to terminate the contract in accordance with its provisions; proof as to the conditions upon which notice of termination might be given having been, as above pointed out, excluded.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

(90 Misc. Rep. 388)

WATSON v. CHICAGO, R. I. & P. R. CO.

(Supreme Court, Appellate Term, First Department. May 18, 1915.)

RAILROADS &153—INDEBTEDNESS—RIGHT OF ACTION OF INDIVIDUAL BOND-HOLDER.

A holder of a bond of a series issued under a trust agreement between a railroad company issuing the bonds and a trust company as trustee has no right to elect that the principal shall become due before the stipulated due date, where the bond makes no provision that on default of interest the principal shall become due at the election of the holder, but which provides that for the rights of the holders reference shall be made to the trust agreement, providing that the trustee may, for default in payment of interest, declare all the outstanding bonds due and payable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 467–471; Dec. Dig. &153.]

Appeal from City Court of New York, Trial Term.

Action by Marie Louise H. Watson against the Chicago, Rock Island & Pacific Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and complaint dismissed.

Argued April term, 1915, before GUY and BIJUR, JJ.

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

White & Case, of New York City (Gervase Green, of New York City, of counsel), for appellant.

Roger Foster, of New York City, for respondent.

GUY, J. This action was brought by the plaintiff in the City Court of the City of New York to recover a judgment on a $1,000 bond. The bond sued upon was one of a series of $71,353,000 issued under a trust agreement dated August 1, 1902, between the defendant, Chicago, Rock Island & Pacific Railroad Company, and Central Trust Company, as trustee. Defaults in the payment of interest on the bonds having occurred, the Central Trust Company, as trustee, declared all of the outstanding bonds due and payable, and, as provided by the terms and provisions of said agreement, brought an action of foreclosure in the United States District Court for the Southern District of New York. Proper proceedings having been had in said action, a decree of foreclosure was entered in said court on the 10th day of October, 1914. The decree declared all of the $71,353,000 outstanding bonds due and payable, and directed payment into court of said amount, and in default of such payment within 10 days from the entry of said decree directed that the collateral pledged under said trust agreement should be sold, and that in case of a deficiency after such sale a judgment should be entered for such deficiency and execution had therefor.

After all of the foregoing proceedings had been had in the said action, the plaintiff herein commenced her action in the City Court to recover judgment upon the one bond in issue in this action. After trial of the issues, the court directed a verdict for the plaintiff, subject to the opinion of the court, afterwards rendered. While unquestionably the holder of one of the bonds would have a right to bring action to recover past-due interest, the bond containing an absolute promise to pay interest on dates specifically stated therein (10 Cyc. 1179; Marlor v. Texas & C. R. Co. [C. C.] 19 Fed. 867, 868), no provision is made in the bond that upon default of interest the principal shall become due at the election of the holder of the bond. On the contrary, the bond provides that "for the * * * rights of the holders of said bonds * * * reference is to be made to said trust agreement," and the right to elect that the principal shall become due before November 1, 2002, the stipulated due date, is, by the trust agreement, limited to the trustee (sections 9 and 14 of article V of the mortgage). Plaintiff has therefore no cause of action, as an individual holder, to recover the principal of the bond before the year 2002, the date fixed by the terms of the bond for the payment thereof.

Judgment must be reversed, and complaint dismissed, with costs to appellant in this court and the court below.

BIJUR, J., concurs.